FILED

MAY - 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SA18CA0417DAE

CAUSE NO. _____

PLAINTIFF

HAROLD GAUSE


VS.

DEFENDANTS

U.S. DEPARTMENT OF DEFENSE)
JIM MATTIS (SECRETARY)
[CAPT OLSEA COLLINS &
JOSEPH KINLIN & HENRY BREZILLAC]
(OFFICIAL CAPACITY)

INVESTIGATIVE AND RESOLUTIONS
DIRECTORATE
LYNN SMITH
            &
U.S. DEPARTMENT OF LABOR
ALEXANDER COSTA (SECRETARY)
RICHARD MOYED (OFFICIAL
CAPACITY)
            &
NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION
MR. SCOTT LEVINS (DIRECTOR)
[JAMES SPRINGS-INSPECTOR
GENERAL & TWO UNKNOWN
EMPLOYEES] (OFFICIAL CAPACITY)
            &
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
JENNY R YANG (CHAIR)
[JUDGES DAVIDSON MOMAH & LINDA
GUTIERREZ] (OFFICIAL CAPACITY)

1

## PLAINTIFF'S COMPLAINT

### I.

The plaintiff, Mr. Harold Gause hereby brings these causes of actions for injunctive, declaratory and monetary relief pursuant to **Title VII of the Civil Rights Act** of 1964 (42 USC §§ 2000e et seq.), **The Rehabilitation Act** of 1973 (29 USC §791 et seq.), **Administrative Procedure Act** ("APA"), 5 U.S.C. § 701 et seq., **Civil Rights Conpiracies** 42 U.S.C. § 1985(3), **Veteran Preference** 5 U.S.C. § 2302 et seq., **Privacy Act** of 1974, 5 U.S.C. § 552a et seq. and the **All Writs Act**, 28 U.S. Code § 1651.

### II.

Plaintiff, Mr. Harold Gause is a citizen of the United Sates and resides in Harris County, Texas.

### III.

This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552a(g)(1), 552(a)(4)(B), and 28 U.S.C. § 1331 and 28 U.S. Code § 1651

### IV.

Venue is appropriate in the Western District of Texas, Houston under 5 U.S.C. §§ 552a(g)(5), 552(a)(4)(B), and 28 U.S.C. § 1391.

### V.

### INTRODUCTION/SUMARY/FACTS

1.     Mr. Gause hereby appeals to this Court from the Equal Employment Opportunity Commission (EEOC) final decision in Appeal No. 0120173067 regarding his Titlle VII and related claims agains the U.S Department of Defense (DOD) for its unlawful employment discrimination when it rescinded an offer of employment in retaliation due to Mr. Gause assertions that it had asked impermissible employment question during the interview and pre-hiring process. Mr. Gause filed a request for hearing with the EEOC and the Judge in that matter dismissed the proceedings based on a Summary Decision without a hearing. Mr. Gause was

never contacted concering the decision. The complaint was under electronic fling which meant that the parties communicated by email. Mr. Gause appealed the decision to the EEOC.

2.      The EEOC confirmed the summary decision with notice of appeal rights to the District Court. Mr. Gause notes that discovery was not meaningfully done as that was the source of his writ of mandamus in the Southern District. However, the EEOC reasoned that Mr. Gause did not specify what discovery was needed despite an open order for discovery from the prior retired Administrative Judge. This is quite puzzling given that the EEOC AJ in his DOL complaint dismissed his complaint for one reason being that he failed to answer discovery. These and other suspicious events are the source of his Section 1985(3) claims.

3.      There are numerous events that transpired in the above titled claims that are just baffling and in contravention of due process and appear to be simply corruption and bullying by the EEOC in attempt to favor the Agency over a pro-se complainant in the Federal EEO process. Mr. Gause hereby appeals the final decision of that particular complaint to this Honorable Court. Mr. Gause also alleges secondary civil rights violations when the Department of Defense found him unqualified for subsequent DOD positions for which he had superior qualifications. Mr. Gause requested a hearing with the EEOC. The AJ in that case dismissed the complaint for final agency action. Mr. Gause appealed that decision to the Office of Federal Operations. (OFO) No decision has been rendered. Mr. Gause has exhausted his 180 day administrative requirement and now appeals that dismissal to this Court. Additionally, he adds a claim for conspiracy when the Judge conspired with the Agency counsel to dismiss this case.

4.      Mr.Gause brings Title VII and associated complaints against the  Department of Labor due its non-selections due to his race or in retaliation for engaging in prior federal eeo activity. Mr. Gause filed  a request for hearing with the EEOC. The EEOC Judge, Momah dismissed the

3

case for final action by the agency. Mr. Gause believes that the Agency failed to render a decsion within the period set by the EEOC. Regardless he has met the administrative requirements of 180 days. He now appeals his numerous Title VII, veteran preference, and retaliation claims to this Court in a Joinder Action with his complaint against DOD. Moreover, he adds a claim for conspiracy when the AJ conspired with the Agency counsel to dismiss the eeo complaint.

5.      Mr. Gause also joinders this complaint with his complaint with his Title VII claims agains the U.S. Department of Labor. (DOL) Mr. Gause joinders the claim under the occurrences of systemic conspiracy by the EEOC actually or constructively dismiss federal eeo complaints in favor of the Agency. In particular Judge Davidson Momah (Momah) who appears to be bias against the Plaintiff because of his race, pro se filing status or actual or implicit bias in favor of the Agency and disfavoring the protected activity of a federal employee to bring good faith employment allegations against Federal agencies in the administrative courts. Mr. Gause alleges that the EEOC, Judge Linda Gutierrez and Judge Momah in particular have sinisterly, blatantly, been dishonest, demeaning, and had disdain for the plaintiff. Mr. Gause has filed several EEOC complaints from which considered separately appear minimally suspicious.

6.      However, given that he has appeared before the administrative Court in several different causes; he now alleges in good faith and with extreme hesitation that when viewed together; the EEOC has actually or constructively forced his and possibly other federal eeo complaints into the District Court by way of corruption, deceit, dishonest and conspiracy. He notes in particular that Judge Momah conspired with both the counsel for the DOD and DOL by out-rightly and knowingly stating that Mr. Gause was disrespectful, dishonest, and a systemic liar and completely unknowledgeable and ignorant of the EEO Law.

4

7.      Judge Momah dismissed several of his complaints with DOD and DOL and ratified his decsion in his order by garnering the complicity of Counsel Henry Brezillac and Richard Moyed. Both Counsels knowingly with Judge Momah accused the complainant of lying, ignorance, disobedience, and being of vile character while they themselves demonstrate pure lack of knowledge in simple areas of equal employment laws.

8.      Mr. Gause believes that Sec 1985(3) allows for more than race or class allegations against a Federal entity who has engage in conspiracy to defeat the claims of a federal employee in the Federal EEO process by harassment, deceit, and active participation such as contacting the Agency to give them information that the plaintiff should have received in order to prove that the eeo claimant had been untimely on appeal. If Mr. Gause errors; then he alleges under the standard practice of federal rules of procedure that his complaint should not be dismissed for alleging an improper theory but that rather the proper theory should apply such as the Administrative Procedure Act. (APA) Mr. Gause asserts that this is necessary as there would be no other remedy to reign in an Agency that is actually or constructively forcing eeo complainants into mediation or district courts in violation of due process.

9.      Such Agency conduct would be in contravention of Title VII mandate that regardless of the remedy of errant EEOC decisions and that a complainant may appeal to the district Court; it is law that Federal Agencies are primary responsible for remedying federal employment discrimination in the administrative venue. Additionally, Judge Momah and both counsels engaged in falsity during telephone conferences by explicitly stating that the complainant had 30 days to file documents and then signing an order decreasing the amount of time in order to garner dismissal. Judge Momah would allow only counsel to prepare the propose order in opposition to Mr. Gause concern that the written proposed order was not what was ordered by

the Judge in the telephone conference which constituted compliance regardless that it was initially a verbal order. They would then declare that the order clearly stated a deadline which was true while ignoring that the vebal order that preceded the written order was ignored. Judge Momah systemically told the complainant to shut up and allowed both counsels to often argue for the Agency and for him or rather against him depending on context.

10.     Judge Momah failed to give due consideration of the complainants filings in areas such as discovery while favoring the Agencies in consistent manner even in contravention of procedural rules. He often issued orders and decisions without any reading of the Motions which resulted in advantage for the Agency. If the Agency requested discovery in violation of the EEO MD's such as no request for medical records of a complainant is allowed without petitioning the court; Mr. Gause would attempt to alert the Judge that the Agency''s request was in violation. Judge Momah without reading Mr. Gause's Motion in Opposition or allowing him to talk; would ask the Counsel "what is the problem with discovery?"

11.     Counsel would state that Mr. Gause has violated the Judge's order to comply or violating good faith discovery. When Mr. Gause would object; then Judge Momah would yell and tell the complainant I'm going to dismiss your case and I've told you over and over to be quiet. When the complainant would be quiet then Judge Momah would state that he refused to answer. When Judge Momah would ask compound questions resulting in varying answers; the Judge Momah would tell the complainant that "I told you yes or No." Judge Momah would then allow the Agency Counsel to answer for the complainant with an non " Yes or No" answer and then accused the complainant of lying.

6

12.     Judge Momah and the EEOC has appeared to forced mediation and settlement in contravention of due process rights by scheduling mediation in obvious cases precludes early mediation because of the minimal record and lack of discovery of proof or inferences of violations. Judge Momah often consfused the DOL and DOD causes and scheduled conferences for one that was meant for the other and then blamed the complainant for not attending or being confused. Both counsels when ascertaining Judge Momah's disdain, argumentative behavior and bias, were complicit in legal proceedings and phone calls in affirming outright false statements that Mr. Gause was attacking the AJ, both counsels themselves and that he was ignorant.

13.     When the ignorant card wouldn't play they accused the complainant of being a vile and beligerant party because he respectully corrected them on their behavior and their poor understanding of the law and procedures. In complicit fashion, they joined in with Judge Momah in his orders that alleged that the complainant was a liar, ignorant and beligerant for the sole purpose of dismissing the EEO complaint and favoring the Agency.

**DOD PRIOR HISTORY**

14.     In or around about March 2013, Mr. Gause received a tentative job offer from the U.S. Army Recruiting Batalion for a human resource assistant position. The job offer was withdrawn in or about April 9, 2012. Mr. Gause filed a Title VII Equal Employment Opportunity (EEO) complaint alleging the withdrawal was due to discrimination and retaliation for voicing his concerns over impermissible questions during the interview and security background investigation.

15.     The Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ) was assigned in or about July 2013 and issued a discovery order. The parties engaged in

discovery. There were a vast amount of contentious discovery pleadings with numerous requests by the Plaintiff for the AJ to sanction Agency Counsel for frivolous pleadings.

16      However, in or about November 26, 2013, Agency Counsel sent an e-mail titled additional discovery. The contents of the e-mail were the Plaintiff's U.S. Marines military record that were unlawfully retrieved from NARA. The Agency Counsel, Capt Olesea Collins was the counsel for DOD and the Department of Army in the previously mentioned employment law discrimination case.

17      Capt. Collins had no authority to retrieved the records and NARA had no authority to release them without consent. The plaintiff had not given consent and there was not a rational relationship between the Plaintiff's military record and his tentative employment with DOD. The military records contained many past false allegations that were the result of prejudice and bias that many minorities encountered in the service.

18.      However, counsel use the unlawful retrieved records as a bat of retaliation to try to smash the plaintiff into dropping the EEO suit. In a consistent pattern of frivolous pleadings and false statements, Counsel Collins and the civilian attorney Joseph Kinlim began to taunt the plaintiff with the unlawfully retrieved information in the record. Counsels went as far to irrationally slubmit pleadings that the plaintiff military record demonstrated that he was unfit and riddled with personality disorders that proved his EEO complaint was without merit. There were no reasonable analysis or connected theories even if the record was applicable. It was just deliberate, mean spiritited, and unconscionable actions by the Agency in retaliation.

19.      The motivation for the civilian attorney, Joseph Kinlin was due tot the AJ's order that Mr. Kinlin be deposed for investigation into possible bias and false statements during the EEO investigator's hearing. Counsel Joseph Kinlin went through the military record and use the

psychotherapy notes to further discredit the plaintiff. He used precise languages of the doctors to purposefully embarrass and destroy the plaintiff without any reasonable and rational analyis.

20.    After conferencing the judge concerning the constant behavior of both counsel and the unlawfully retrieved military records, the Plaintiff filed a motion for protection, sanctions and additional Title VII complaint with a Privacy Act Component. The judge assured the Plaintiff that she would rule quickly on any Motions presented, but retired suddenly after the conference. Another AJ was assigned the case in or about February 2014 of the following year.The Plaintiff sent numerous correspondences to the new AJ, Honorable Linda Gutierrez  with the US Equal Employment Opportunity Commission; San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

21.    There was never a reply until he finally sent a notice of filing a Writ of Mandamus. The AJ admitted that the EEOC was suppose to adjudicate the case within 180 days but had a heavy docket. The AJ acknowledge that she would attempt to rule on outstanding discovery issues within 45 days. Again, the plaintiff has not heard from the AJ in this matter. Therefore, the plaintiff now files this Writ of Mandamus with the Southern District Court to compel the AJ to rule on the outstanding discovery issues.

22.    The Administrative Judge handbook, the federal rules of civil procedure, and Title VII laws all state that the Plaintiff must be provided with a fair and impartial eeo hearing process. Certainly, the failure to rule on discovery issues for almost two years, in addition to allowing the Agency to continue to use unlawfully retrieved records is not fair, partial or lawful.

23.    Additionally, Mr. Gause has not been able to depose certain witnesses because of the Agency's Counsel hindrance to discovery. The lack of discovery of witnesses while facts and circumstances are fresh is inherently prejudicial and harmful to the Plaintiff's case. The EEOC's

9

failure to rule on many discovery motions is an arbitrary and prejudicial harm to the Plaintiff that is likely unable to be overcome.

24.    Mr. Gause had contacted NARA and talked with two unknown employees who showed little or no concern and was dismissive of the Plaintiff's copncerns that his records had been retrieved without his consent and that particularly heightened requirements should have ben instituted in regards to his pyschotherapy notes. Therefore, he contacted Mr. James Springs who was the Inspector General. Mr. Springs called once and left a voice mail but did not return multiple followup calls. NARA has well developed training in regards to the release of records and psychotherapy notes but are dismissive of any violations because as stated by one of the employees: "stuff happens and we said we're sorry."

25.    Furthermore, Title VII specifically requires the action of the EEOC to provide a decision within 180 days. Often the EEOC exceeds this requirement in adjudication but its failure to quickly rule on discovery motions is unconscionable. The Defendant lack any other remedy to preserve his right to an impartial and fair hearing under the EEO process than to respectfully asks this Court to issue a Writ of Mandamus ordering the EEOC, AJ to rule on outstanding discovery issues immediately, advance this case for adjudication and to issue a protection order requiring the Agency to cease and desist use of the unlawfully obtained military records and provide the Plaintiff with all retrieved records and dates, and all monetary relief pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a et seq. including advisory attorney fees.

26.    As a result of the DOD and NARA and their employees violations of the Privacy Act, Mr. Gause suffered actionable harm when he used leave and missed days of work due to emotional stress and its effect especially on his neurological disability. His visit to his primary

care and the associated costs due to the stress and his missing work to attempt to remedy the Agency's embarrassing use of his sensitive record constituted harm.

27.    Mr. Gause filed a writ of mandamus with the Southern District Federal Court to garner an order of protection. The Court denied his writ based on lack of jurisdiction. This should not be res judicata because of the lack of jurisdiction found in the Southern District Court.

28.    After the Southern District dismissal; the EEOC issued a summary decision without proper notice to Mr Gause. Despite outstanding discovery motions and Mr. Gause's writ to garner the EEOC from prejudicial delay; the AJ found that summary judgment was proper.

29.    The OFO affirmed the Decision of the AJ and Mr. Gause appealed the final decision to this Honorable Court.

30.    In another DOD proceeding regarding a claim for employment discrimination before the EEOC, Mr. Gause encountered much of the same behavior in regards to discovery, procedure and delays. Mr. Gause now began to reasonable and in good faith suspect that the EEOC wass actually or by incompetence constructively tanking federal employment cases and forcing them into the federal court. This behavior due to costs, more stringent procedural rules, likelihood of needing counsel in effect was violating the due process of federal employees including the complainant.

31.    The EEOC covertly and with impunity seem to recognize that the Federal eeo complainant and especially the pro se complainant could not allege any remedy. Despite what appeared to be intentional or due to incompetence of EEOC AJ' in reducing workload, and case back logs and overworked judicial entity. Mr. Gause has experienced numerous filings on behalf of him and others and have seen strange improprieties. In particular he has noticed discrepancy in discovery favoring the Agency and antagonistic towards the complainant. The AJ's were

quick to allow discovery for the Agency which gave them advantage in mediation  and the eeo process while where disallowing discovery for the complainant or restricting essential questioning which disadvantaged the complainant. Mr. Gause has seem numerous times where the EEOC or the Agency upon appeal would used erroneous documents to support its decision. In particular, the EEOC used the date on a reduction in force letter to declare the complaint untimely.

32.     When the EEOC was sent in Exhibits the termination letter which was dated later and could compare the difference; it still adhered to its decision despite obvious and blatant error. This is particular so as to pro se complainants pleadings. In isolation, this may seen par for the course. Certainly, Mr. Gause wouldn't waste his time or the Court in what amounts to be just plain error remedied by application to the District Court. However, in other federal circuits; reviewing courts admonished the trial judge for what amounted to appealable errors such as a judgment exceeding the allowable amount. The reviewing Court stated that the Judges experience and tenure preclude that this was just inadvertent mistakes rather than intentional disdain and demeaning behavior towards pro-se litigants. Analogous, the EEOC and Judge Momah and Gutierrez are too experience.

33.     The Commission and the appellate body who has written too many opinions that were extremely well reasoned as to complex and novel application of eeo laws are to adept to can't recognize the difference between easily discernible documents. Many Federal Courts in various circuits and jurisdictions have state that Pro per litigants are by no means exempt from the governing rules of procedure. But neither should courts allow those rules to operate as hidden, lethal traps for those unversed in law. Additionally, statutory disqualification language clearly proffer that the purpose such mechanism is to secure for all litigants a fair and impartial trial

before a tribunal completely divested of any personal bias or prejudice, either for or against any part to the proceedings, and it is the duty of all courts to scrupulously adhere to this admonition and to guard against any appearance of personal bias or prejudice which might generate in the minds of litigants a well-grounded belief that the presiding judge is for any reason personally biased or prejudiced against their cause.

34.     This did not happen in Mr. Gause's situation. Judge Momah interfered, prejudice and defeated his right to seek justice. This was done with guile while simultaneously taunting Mr. Gause as being ignorant when he was likely very proficient.

## CAUSES OF ACTIONS

35.     Mr.Gause brings a Title VII and related actions against the Department of Labor for several counts of non-selections in retaliation and/or due to his race for engaging in prior eeo activity. Mr. Gause further alleges that during the course of his administrative complaint the DOL committed several continuing violations and retaliatory acts such as denying leave, threatening termination, interfering with relationships with other employees, monitoring his work more closely and making statements that would chill participation in eeo proceedings. Mr. Gause alleges these and incorporates the causes and facts above in his present complaint.

36.     Mr. Gause alleges that the DOD rescinded a job offer when he participated in protected activity or voiced a complaint of eeo violation. Further, he asserts that the Agency retrieved his private military and medical records in retaliation in violation of the Rehab Act. Moreover, he states that the DOD violated certain Title VII and veteran preference rights in rescission of the job offer. He further notes that the DOD continued to deny him the right to apply for positions that he was well qualified for by giving pre-textual reasons such as his resume was confusing.

13

Additionally, Mr. Gause alleges that the Investigative Resolutions Directorate is a contractor for DOD and is controlled in such manner as to qualify as a component of the Agency for purposes of Title VII. Mr. Lynn Smith the EEO investigator did conspire with Agency Counsel and falsify oath documents when he stated that Mr. Gause dismissed himself from a fact finding conference. Mr. Smith dismissed Mr. Gause, offered him a job to terminate his complaint against DOD, and purposely interfered with discovery or rather the prevention of discovery as to Major Ivan Miller for the sole purpose of advantaging the Agency. Mr Gause hereby incorporates all facts and causes of action implied and stated herein this brief.

**WHEREFORE, Plaintiff,** Mr. Gause requests that the Court award him the following relief:

(1) Declare that the DOD and NARA and employees violated the Privacy Act;

(2) Award Mr. Gause any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

(4) Invoke its equitable powers to expunge all records or information maintained by the DOD that were unlawfully retrieved when he applied for employment

(5) Award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E);

(6) Refer those DOD and NARA officials responsible for violating the Privacy Act for criminal prosecution under 5 U.S.C. § 552a(i)(1);

(7) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(8) award all back pay, attorney fees, enhancement of fees, restoration of leave, training, and adverse action against those offenders who were deliberate in their actions, reconstruction of the positions that were affected by his veteran preference rights and injunctive relief towards the

14

EEOC and its AJ's and all available relief under Title VII any other title cause herein this complaint,

(9) grant such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing petition will be delivered in person or by my agent or delivered by courier with receipted delivery or sent by certified mail, e-filing or sent by telephonic document transfer before 5:00 p.m. of the recipient's local time to the U.S Attorney Office agent for service on Defendants of the United States and/or Defendants at the last known addresses upon issuance of complaints and location of parties.

Harold M. Gause
Harold K. Gause J.D., M.P.A. cd(Pro Se)
20019 Sweetgum Forest Dr
Humble, Texas 77346
281-455-5078/PH
281-358-1076/FX
E-mail: hgause.plumbarlaw@yahoo.com

15

# HAROLD K. GAUSE J.D., M.P.A.

**20019 SWEETGUM FOREST DRIVE**
**HUMBLE, TEXAS 77346**

**WESTERN DISTRICT COURT, SAN ANTONIO DIVISION**
**U.S. DISTRICT CLERK'S OFFICE**

**655 E. CESAR E. CHAVEZ BLVD.,**
**ROOM G65**
**SAN ANTONIO, TEXAS 78206**

hgause.plumbarlaw@yahoo.com

SCREENED